

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| PHILLIP FRANCIS LUKE HUGHES, § | | |
| on behalf of the ESTATE OF JANE K. § | | |
| HUGHES, JOANNE HAFTER, and all others § | | |
| similarly situated, § | | |
| Plaintiffs, § | | |
| § | | |
| vs. § | CIVIL ACTION NO. 7:15-5083-MGL | |
| § | | |
| BANK OF AMERICA, N.A., § | | |
| Defendant. § | | |

MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS

## I.   INTRODUCTION

In Plaintiffs Francis Luke Hughes and Joanne Hafter (collectively, Plaintiffs)'s Third Amended Complaint, they allege the following causes of action against Defendant: violations of the Truth in Lending Act, 15 U.S.C. § 1601 (TILA), fraud, fraudulent concealment, breach of contract, breach of contract accompanied by fraudulent act, and breach of duty of good faith and fair dealing.  The Court has federal question jurisdiction over Plaintiffs' TILA claims, 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiffs' state claims, 28 U.S.C. § 1367.

Pending before the Court is Defendant's motion to dismiss for Plaintiffs' failure to state a claim, Fed. R. Civ. P. 12(b)(6).   Having considered the motion, the response, the reply, the record, and the applicable law, the Court will grant the motion.

## II.    FACTUAL AND PROCEDURAL HISTORY

Plaintiff Hughes is the personal representative of Jane Hughes. Jane Hughes and her husband, John Hughes (collectively, the Hughes), opened a line of credit with Defendant on June 13, 2006. The Hughes agreed at the time to allow Defendant to draft their payments automatically from their bank account. This account was with Defendant. Viewing the facts in the light most favorable to Plaintiff Hughes, the Hughes declined to purchase the mortgage insurance Defendant offered them when they opened their line of credit. Nevertheless, from 2006 to 2015, Defendant charged them for the product. On or about March 17, 2015, Defendant sent a notice to the Hughes stating their mortgage insurance would be cancelled on September 30, 2015.

Plaintiff Hafter obtained a home equity line from Defendant in October 2008. Viewing the facts in the light most favorable to Plaintiff Hafter, she never authorized Defendant to withdraw any funds from her banking account to pay for mortgage insurance. Even so, Defendant charged her for the product from 2008 until 2015 when Defendant informed Plaintiff Hafter it would no longer do so.

Plaintiffs filed their Third Amended Complaint with this Court after which Defendant filed the instant motion to dismiss. Having been fully briefed on the relevant issues, the Court is prepared to discuss the merits of the motion.

## III.   STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). The Court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir.1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001). In addition, when analyzing a Rule 12(b)(6) motion to dismiss, the Court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs. Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

### IV.    CONTENTIONS OF THE PARTIES

Defendant argues all of Plaintiffs' claims are time barred and equitable tolling is inapplicable. It also contends Plaintiffs fail to state a claim upon which relief can be granted.

Plaintiffs maintain their claims have been equitably tolled. Although Plaintiffs agree certain of their claims should be dismissed, they assert the remaining causes of action ought to go forward. The Court details below which claims Plaintiffs aver should survive this motion.

### V.    DISCUSSION AND ANALYSIS

As noted above, Plaintiffs brought claims against Defendant for violations of the TILA, fraud, fraudulent concealment, breach of contract, breach of contract accompanied by fraudulent act, and breach of duty of good faith and fair dealing. Plaintiffs, however, subsequently agreed their claims for breach of duty of good faith and fair dealing should be dismissed, ECF No. 28 at 29. They also consent to the dismissal without prejudice of Plaintiff Hughes' causes of action for

fraud, fraudulent concealment, and breach of contract accompanied by fraudulent act.  ECF No. 31.

Defendant contends all of Plaintiffs' remaining claims are time barred.  The Court agrees.

Plaintiffs fail to dispute they neglected to file their lawsuit before the pertinent statutes of limitations expired.  Instead, they rely on the doctrine of equitable tolling to argue their claims are timely.

Plaintiffs must establish the following elements before equitable tolling applies: "(1) the party pleading the statute of limitations fraudulently concealed facts that are the basis of the plaintiff's claim, and (2) the plaintiff failed to discover those facts within the statutory period, despite (3) the exercise of due diligence."  *Supermarket of Marlinton v. Meadow Gold Dairies*, 71 F.3d 119, 122 (4th Cir. 1995); *Am. Legion Post 15 v. Horry Cty.*, 674 S.E.2d 181, 184 (S.C. Ct. App. 2009) (emphasizing the need for due diligence before allowing for equitable tolling).  Assuming without deciding Plaintiffs are able to satisfy the first requirement, their arguments they can meet the other two elements are unavailing.

The charge for the mortgage insurance appeared on the Hughes' monthly checking account statements from 2006 to 2015.  Thus, any argument they failed to discover the purported wrongdoing by Defendant during this period of time, although they exercised due diligence, is bereft of any merit.  Assertions Joanne Hughes "underwent major heart surgery, suffered from dementia, experienced vision impairments, including cataracts and eye surgery, and suffered a broken hip that required hospitalization and extensive rehabilitation at White Oak Manor Nursing Home in Spartanburg, South Carolina," ECF No. 28 at 3, although unfortunate, are simply insufficient to satisfy the due diligence requirement.

As to Plaintiff Hafter's claims, she admits in her complaint the charge for the insurance appeared on her home equity statement each month, from 2008 until 2015.  Accordingly, any argument she failed to discover Defendant's alleged nefarious acts during this time, although she exercised due diligence, strains the bounds of credulity.

The fact equitable tolling is to be employed sparingly is so established as so make citation to authority unnecessary.  For the Court to adopt Plaintiffs' position their claims are entitled to equitable tolling would mean statutes of limitations are inconsequential.  And, of course, that is not so.

## VI.     CONCLUSION

Therefore, based on the foregoing discussion and analysis, Defendant's Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 13th day of February, 2017, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE
